**2020 UT App 42**

## THE UTAH COURT OF APPEALS

JENCO LC, DEAN GARDNER INVESTMENT LC, AND
F.M. SNOW PROPERTIES LLC,
Appellees,
*v.*
LEDGES PARTNERS LLC AND SJI LLC,
Appellants.

Opinion
No. 20190151-CA
Filed March 19, 2020

Fifth District Court, St. George Department
The Honorable Jeffrey C. Wilcox
No. 120500362

R. Stephen Marshall, Cameron J. Cutler, and
Kevin Paulsen, Attorneys for Appellants

Bryan J. Pattison, Attorney for Appellees

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES KATE APPLEBY and JILL M. POHLMAN concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     SJI LLC appeals the district court's order confirming a constable's sale and dismissing SJI's counterclaim. We reverse and remand for further proceedings.

### BACKGROUND

¶2     JENCO LC, Dean Gardner Investment LC, and F.M. Snow Properties LLC (collectively, JENCO) have had business dealings with Ledges Partners LLC (Ledges) since 2004. In July 2010, JENCO and Ledges entered into an option agreement that gave Ledges the option to purchase 67.5 acres of land from JENCO.

¶3     In October 2015, JENCO obtained a judgment against Ledges in the amount of $382,787.08 in connection with a dispute concerning another contract between the parties. JENCO applied for a writ of execution to allow it to satisfy its judgment by selling Ledges' interest in the option agreement. The district court issued the requested writ on July 20, 2016, and the constable scheduled the sale for June 13, 2017.

¶4     The writ of execution and the notice of sale each identified the property to be sold as "[a]ll interest, right, title, and equity of [Ledges] in the 'Land Owners to Ledges Partners, LLC New Real Property Option Agreement' entered into, as of July 15, 2010 by and between Ledges . . . and JENCO." The notice of sale was served on Ledges, with copies sent to Ledges' managers, including Hans Kuhni.

¶5     The day before the sale, Kuhni filed a notice of interest on behalf of SJI, an affiliate of Ledges, claiming that Ledges had assigned its interest in the option agreement to SJI on December 8, 2010. SJI's attorney also sent a letter to JENCO's attorney informing him of SJI's interest in the option agreement. The assignment was evidenced by an Assignment of Interest Agreement, purportedly entered into on December 8, 2010, and signed by Kuhni on behalf of both Ledges and SJI. The signatures were neither dated nor notarized. SJI did not file a reply to the writ of execution or request a hearing. At the sale, JENCO purchased Ledges' interest in the option agreement for $100.

¶6     On December 13, 2017, JENCO filed a motion to join SJI as a defendant in interpleader for the purpose of confirming the sale. After the district court granted JENCO's motion, JENCO filed a motion to confirm the sale, requesting that the court extinguish SJI's purported interest in the option agreement. SJI opposed the motion and also filed a counterclaim seeking a declaratory judgment that the writ of execution did not affect

SJI's interest in the option agreement, that SJI was not obligated to respond to the writ, that the option agreement is an interest in real property, that JENCO was not a good-faith purchaser, and that the constable's sale should be set aside because of procedural irregularities and an inadequate sale price. SJI alternatively requested an extension of the time to redeem the option agreement.

¶7    Following several hearings, the district court granted JENCO's motion to confirm and extinguished SJI's claimed interest in the option agreement. It also dismissed SJI's counterclaim. The court determined that SJI had notice of the execution sale because Kuhni was a manager of both Ledges and SJI. Further, the court determined that any interest SJI claimed in the option agreement was extinguished because it did not reply to the writ of execution before the sale occurred as required by rule 64(e)(1) of the Utah Rules of Civil Procedure. The court also rejected SJI's request for an extension of the redemption period, determining that the option agreement was an interest in personal property rather than real property and was therefore not subject to redemption. SJI now appeals.

ISSUE AND STANDARD OF REVIEW

¶8    The resolution of this appeal depends on the scope of the writ of execution and whether it included SJI's purported interest in the option.[1] Thus, "our task is to interpret the language of the writ of execution and the [notice] of sale to

---

1. SJI also challenges the district court's determination that, under rule 64(e)(1) of the Utah Rules of Civil Procedure, SJI waived its rights to challenge the sale by not replying to the writ of execution prior to the sale. Because we ultimately determine SJI's purported rights could not have been affected by the constable's sale, we need not address this issue on appeal.

determine what effect, if any, the sale had on" SJI's rights. *See ASC Utah, Inc. v. Wolf Mountain Resorts, LC*, 2013 UT 24, ¶ 7, 309 P.3d 201.

ANALYSIS

¶9     The plain language of the writ of execution stated that the constable was to collect on JENCO's judgment by selling the "interest, right, title, and equity" of Ledges in the option agreement. These documents did not authorize the constable to convey any other interest in the option agreement or give notice that other interests were subject to sale. *Cf. ASC Utah, Inc. v. Wolf Mountain Resorts, LC*, 2013 UT 24, ¶¶ 8–9, 309 P.3d 201 (interpreting language in a writ of sale purporting to convey "all rights, title, claims and interests" of a plaintiff in a cause of action to exclude the plaintiff's right to appeal, which was not explicitly listed (quotation simplified)).

¶10    SJI asserts that as of December 8, 2010, Ledges no longer had any interest in the option agreement because it had conveyed all of its interest to SJI. If this is true, then the option agreement could not have been transferred to JENCO by way of the execution sale because the writ authorized the sale of only Ledges' interest.

¶11    JENCO, however, asserts that Ledges' purported conveyance to SJI of its interest in the option agreement is a sham. It maintains that the Assignment of Interest Agreement is not authentic and that there is no evidence that SJI gave consideration for the transfer. It also points to emails from Kuhni, one sent a year before the sale and one just after the sale, in which Kuhni represented that the option agreement is Ledges' "only remaining asset." If JENCO is correct that the purported December 8, 2010 transfer was defective, then SJI cannot prevail in any attempt to set aside the execution sale because it cannot be deemed to have an interest in the option agreement.

¶12    The district court did not directly address the question of whether the December 8, 2010 Assignment of Interest Agreement effectively conveyed Ledges' interest in the option agreement to SJI. Rather, the district court appeared to conclude that all of SJI's arguments were waived by SJI's failure to respond to the writ of execution. However, the writ of execution did not seek to execute on SJI's purported rights or on the option agreement as a whole—it applied only to Ledges' "interest, right, title, and equity" in the option agreement. Thus, the court could not confirm a sale of all interest in the option agreement to JENCO unless it first determined that SJI's purported interest in the option agreement was invalid. We therefore find it necessary to reverse the district court's order confirming the sale and remand for further proceedings. We also reverse and remand the court's dismissal of SJI's counterclaim.

¶13    If the court determines that Ledges effectively conveyed its interest in the option agreement to SJI, then the constable's sale could not have conveyed the option agreement, in its entirety, to JENCO. On the other hand, if the 2010 assignment was not valid, then SJI cannot claim an interest in the option agreement and has no basis to challenge the sale. The sale could then be confirmed and SJI's counterclaim dismissed.

CONCLUSION

¶14    We determine that the writ of execution authorized the constable to sell only Ledges' interest in the option agreement. Therefore, any interest SJI may have had in the agreement could not have been conveyed to JENCO, as only Ledges' interest could be effectively conveyed. In light of this determination, we must reverse the district court's ruling and remand for a determination of whether the 2010 assignment conveyed the option agreement to SJI.

———————